UNITED STATES of America,
Plaintiff–Appellee,

v.

Myra "Maria" GONZALEZ, also known as Maria Gonzalez–Gonzalez, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Maria Elena Rincon–Macarena, also known as Maria Myra Gonzalez, Defendant–Appellant.

Nos. 03–21074, 03–41500.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 23, 2004.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Rudy Xavier Rodriguez, Aurora Ruth Bearse, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Myra "Maria" Gonzalez appeals her guilty-plea conviction and sentence for being found illegally present in the United States after deportation. She argues, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those pro-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

visions unconstitutional. She concedes that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and she raises it for possible review by the Supreme Court.

This argument is foreclosed by *Almendarez–Torres,* 523 U.S. at 235. We must follow the precedent set forth in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000) (internal quotation and citation omitted).

Gonzalez does not brief any argument concerning how or why any potential reduction in her sentence for the 8 U.S.C. § 1326 conviction would have any bearing on the sentence the district court imposed upon revocation of her supervised release for her 8 U.S.C. § 1324(a)(1)(A)(iii) conviction. She has therefore abandoned her appeal from the revocation of her supervised release. *United States v. Valdiosera–Godinez,* 932 F.2d 1093, 1099 (5th Cir. 1991).

AFFIRMED.